IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAULETTE O'MEALLY, *Plaintiff* | : : | CIVIL ACTION |
| v. | : : | |
| CITY OF PHILADELPHIA *et al.*, *Defendant* | : : | No. 21-5677 |

### **MEMORANDUM**

PRATTER, J.   APRIL 20, 2022

Angel Marsh died of a drug overdose in jail. Her estate sued the City of Philadelphia, claiming that the City had a policy and practice of ignoring the medical needs of overdosing inmates. But the estate missed the deadline to serve the writ of summons and so failed to put the City on notice of a suit within the statute of limitations. Due to the estate's unjustified delay, the Court must dismiss this suit with prejudice.

### BACKGROUND

On this motion to dismiss, the Court takes all well-pleaded facts as true. *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018). Angel Marsh was arrested for possession of drugs on June 4, 2019. She was severely intoxicated at the time. Police transported her to Riverside Correctional Facility, in northeast Philadelphia, and she was held there overnight. Though Ms. Marsh showed signs of intoxication—including anxiety and paranoia, restlessness and agitation, rapid breathing, and an irregular heartbeat—officers performed merely a cursory medical intake assessment and then left her alone in her cell. Ms. Marsh was later found unresponsive. Though she was immediately taken the hospital, by the time she received medical care, she was brain dead, and her liver, kidneys, and lungs were severely damaged. She died five days later, on June 11, 2019.

1

Ms. Marsh's estate sued the City of Philadelphia in the Court of Common Pleas.[1] She brought a claim under 42 U.S.C. § 1983, asserting that the City had a policy or custom of ignoring the needs of inmates suffering from overdoses, insufficiently screening inmates for potential overdoses, and improperly leaving intoxicated inmates unattended. The City removed the suit to federal court and then filed a motion to dismiss, arguing that the complaint had not been timely served within the period set by the statute of limitations.[2] Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

For a suit to be timely, it must have been brought before the statute of limitations expires. Defendants may move to dismiss a suit based on an expired statute of limitations if, from the face of the complaint and the documents attached thereto, it is clear that the suit was not brought within the time set by the statute of limitations. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

For § 1983 claims, the relevant statute of limitations is the general tort statute of limitations of the state where the constitutional harm occurred. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). Because Ms. Marsh died in a Philadelphia jail, her statute-of-limitations period under Pennsylvania law is two years from the date of her injuries. 42 Pa. Cons. Stat. § 5524; *see Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989).

This suit began in the Philadelphia Court of Common Pleas before its removal to federal court. In Pennsylvania, a suit can be initiated via a complaint or a praecipe (or request) for a writ of summons. 231 Pa. Code R. 1007. Unlike a complaint, which details specific allegations of wrongdoing, a writ of summons simply informs a particular defendant that a particular plaintiff

---

[1] The estate also sued the Philadelphia Department of Prisons and Riverside Correctional Facility but has since agreed to drop those parties from the case. The proper party to sue is the City itself, not its subsidiaries. *See* 53 Pa. Stat. § 16257.

[2] The City has also argued that the estate failed to add enough particularity to its *Monell* claim. Because the estate's failure to sue within the statute of limitations serves as a complete procedural bar to this suit, the Court does not reach the City's alternative argument.

plans to file a complaint against them. *See* Pa. R. Civ. P. 1351. Once the writ is issued or the complaint is filed, the writ or complaint must be served within 30 days. Pa. R. Civ. P. 401(a). If service is not made, however, the writ or complaint shall be "reissued," restarting the 30-day clock, "any number of times." Pa. R. Civ. P. 401(b).

Historically, this process meant that, so long as a writ of summons was issued or complaint was filed within the statute of limitations, the plaintiff could reissue the writ or reinstate the complaint as often as needed within "a period equivalent to that permitted by the applicable statute of limitations." *Lamp v. Heyman*, 366 A.2d 882, 885 (Pa. 1976). In other words, if a writ was issued or complaint filed on the last day of a two-year statute of limitations, the plaintiff could take another two years, continually reissuing the writ or complaint, before finally serving the defendant a full two years after the statute of limitations expired. *Gussom v. Teagle*, 247 A.3d 1046, 1054–55 (Pa. 2021).

Some litigants abused this grace period, keeping their complaints live well beyond the statute of limitations without ever attempting service. *See id.* at 1056; *Lamp*, 366 A.2d at 886. To prevent such abuse, the Pennsylvania Supreme Court now requires that for a writ to be reissued or the complaint reinstated outside the statute of limitations, the plaintiff must have engaged in a "good-faith effort" to "diligently and timely" serve the defendant before the writ or complaint expired. *Gussom*, 247 A.3d at 1057. Otherwise, "[i]t would be inherently unfair, as well as contrary to the purposes of statutes of limitations, to permit the limitation period to be tolled without the defendant being apprised that he might continue to be subject to liability." *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1083 (Pa. 2001) (plurality).

For a good faith effort, the plaintiff must have *actually* tried to put the defendant on notice of the suit. She cannot have just misplaced the writ or complaint and forgotten about it for a month. *See Farinacci v. Beaver Cnty. Indus. Dev. Auth.*, 511 A.2d 757, 759–60 (Pa. 1986). The service does not have to have been perfect, however, so long as the defendant had "actual notice" of the suit and was not "prejudiced" by the improper service. *McCreesh v. City of Philadelphia*, 888 A.2d 664, 666 (Pa. 2005). For example, if a plaintiff mails the writ, and the defendant's receptionist signs for it, that service should be enough to put the defendant on actual notice, even if the receptionist was not a proper recipient for the writ. *Id.* at 666–67.

Here, Ms. Marsh's estate initiated this suit within the statute of limitations but did not put the City on notice for months. The estate requested a writ of summons in the Court of Common Pleas on June 11, 2021, exactly two years after Ms. Marsh died. But the estate never actually *served* this writ of summons on the City. Instead, six months later, on December 2, 2021, the estate filed a complaint and served the City the next day, on December 3, 2021—six months beyond the statute of limitations.

That procedural failure bars this suit, for the estate did not even *try* to put the City on notice of this suit in the permissible 30-day window before the writ expired. This is not a situation where the estate did not know the defendant's identity, or how to find them. *Cf. Gussom*, 2247 A.3d at 1049, 1054. Nor is it a situation where the estate mistakenly delivered the writ to the wrong location or wrong person. *Cf. McCreesh*, 888 A.2d at 666–67. Instead, the estate, writ in hand, sat on it for six months until it was ready to file its complaint. Meanwhile, the City had no reason to believe a suit was forthcoming, knowing that the statute of limitations had expired without it being sued or notified of an upcoming suit.

4

The estate points out that it did not try to *prevent* the City from finding out about the suit. But mere inaction is not enough to forgive belated service. *Gussom*, 247 A.3d at 1056–57. By definition, a good-faith *effort* to serve requires some sort of "exertion" from the plaintiff. *Effort* (def. 1a), *Merriam-Webster's Unabridged Dictionary*. The plaintiff cannot "mere[ly] fil[e] a writ or complaint" and hope that somehow the defendant learns about the suit; she must take "additional affirmative action" to inform the defendant. *Devine v. Hutt*, 863 A.2d 1160, 1168 (Pa. Super. Ct. 2004).

As the estate sees it, the City should have had some inkling that it might be sued because the estate previously sent two letters to the City about a potential suit. In June 2019, immediately after Ms. Marsh's death, the estate sent a letter requesting that the City preserve all physical evidence related to Ms. Marsh's incarceration. Four days later, the estate sent a second letter providing notice that Ms. Marsh might be bringing a tort claim. 42 Pa. Cons. Stat. § 5522. Even assuming that these letters should have put the City on notice of the *potential* for a suit based on Ms. Marsh's death,[3] these letters—sent two years before the issuance of the writ—did not put the City on notice that it had *actually* been sued, as required for a good faith attempt at service of the writ or complaint. *See McCreesh*, 888 A.2d at 672 n.17; *Englert v. Fazio Mech. Servs., Inc.*, 932 A.2d 122, 127 (Pa. Super. Ct. 2007).[4]

---

[3] One letter asserts that Ms. Marsh suffered "injuries sustained in a slip & fall incident." Doc. No. 12-3.

[4] The Court typically may not look outside the complaint, documents attached to the complaint or integral thereto, and matters of public record without converting a motion to dismiss to a motion for summary judgment. *Schmidt*, 770 F.3d at 249. But at oral argument, the Court encouraged the estate to submit any documents that would suggest that the estate satisfied the statute of limitations and so warrant an opportunity to file an amended complaint. The estate submitted only these two letters in response to the Court's invitation. Because the letters still do not overcome the suit's untimeliness, the Court finds that granting leave for the estate to amend its complaint would be futile. *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001).

## CONCLUSION

Because the estate did not even *attempt* to serve the writ or complaint until six months after the statute of limitations expired, the Court grants the City's motion to dismiss and dismisses the case with prejudice. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE
